UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PROIMMUNE COMPANY, LLC, a Delaware limited liability company; | Hon. Kenneth M. Karas |
| Plaintiff, | Case No. 7:20-cv-01247 |
| v. | **STIPULATED AND PROPOSED PROTECTIVE ORDER** |
| HOLISTA COLLTECH LTD., an Australian corporation; and DOES 1-50, inclusive; | |
| Defendants. | |
| HOLISTA COLLTECH LTD.; | |
| Counterclaim Plaintiff, | |
| v. | |
| THE PROIMMUNE COMPANY, LLC; | |
| Counterclaim Defendant. | |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.  Counsel for any party may designate any document or information, in whole or in part, as "CONFIDENTIAL" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as "CONFIDENTIAL" will be stamped "CONFIDENTIAL."

2.  The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.  Counsel for any party may designate any document or information, in whole or in part, as "ATTORNEYS' EYES ONLY" if counsel determines, in good faith, that such designation

is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive information, the disclosure of which to the public, including to business competitors, is likely to cause harm to the designating party. Information and documents designated by the party as "ATTORNEYS' EYES ONLY" will be stamped "ATTORNEYS' EYES ONLY."

4. The "ATTORNEY'S EYES ONLY" Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5. In the event a party challenges another party's designation of confidentiality or attorneys' eyes only, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information or Attorneys' Eyes Only Information. Nothing in this Order or in a party's failure to challenge another party's designation of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" constitutes a trade secret or is in fact confidential. Nothwithstanding anything to the contrary in this Order, any party may use without restriction its own documents or information.

6. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The parties, the employees of such parties, or the agents of the parties, and counsel, including in-house counsel;

    b. Employees and agents of such counsel assigned to and necessary to assist in the litigation;

    c. Persons employed by outside counsel for the parties, including consultants or experts and their staff and support personnel, for the purpose of assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Duly qualified court reporters and videographers participating in these proceedings;

    e. Persons who were the authors or recipients of the documents in the ordinary course of business, or who have previously seen the documents;

    f. Witnesses in preparation for or in the course of depositions or the trial of this matter; and

    g. The Court (including the mediator, or other person having access to

any Confidential Information by virtue of his or her position with the Court), and persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

7. All documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

   a. Counsel of the requesting party, including in-house counsel;

   b. Employees and agents of such counsel assigned to and necessary to assist in the litigation;

   c. Persons employed by outside counsel for the parties, including consultants or experts and their staff and support personnel, for the purpose of assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Duly qualified court reporters and videographers participating in these proceedings;

   e. Persons who were the authors or recipients of the documents in the ordinary course of business, or who have previously seen the documents;

   f. Witnesses in preparation for or in the course of depositions or the trial of this matter;

   g. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court), and persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

8. Before disclosing or displaying the Confidential Information or Attorneys' Eyes Only Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

  9. The disclosure of a document or information without designating it as "Confidential" or "Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information. If designated following disclosure, the document or information shall be treated as Confidential Information or Attorneys' Eyes Only Information subject to all the terms of this Stipulation and Order following designation.

  10. The inadvertent or mistaken disclosure by a producing party or third party of discovery material containing or constituting Confidential information or Attorneys' Eyes Only information without the designation required under this Order shall not constitute a waiver of any claim of confidentiality, provided that such inadvertence or mistake is brought to the attention of the receiving party promptly upon discovery. Upon notice of inadvertent or mistaken disclosure, the producing party shall provide properly marked documents. Upon notice, the receiving party shall return or destroy said unmarked or mismarked documents and shall treat information contained in said documents and any summary or notes thereof as discovery material designated "Confidential" or "Attorneys' Eyes Only."

  11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

  12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

  13. Notwithstanding the designation of information as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

  14. At the conclusion of litigation, all Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties'

counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. Nothing herein shall preclude the parties from disclosing material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: September 4, 2020
Los Angeles, California

**BROWN NERI SMITH & KHAN, LLP**

By: /s/ Ryan B. Abbott
       Ryan B. Abbott

11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
T: (310) 593-9890 / F: (310) 593-9980
Ryan@bnsklaw.com

*Attorneys for Plaintiff/Counterclaim Defendant The ProImmune Company, LLC*

Dated: September 4, 2020
Brooklyn, New York

**TURTURRO LAW, P.C.**

By: /s/ Natraj S. Bashan
       Natraj S. Bashan

1602 McDonald Ave.
Brooklyn, NY 11230
T: (718) 384-2323 / F: (718) 384-2555
natraj@turturrolaw.com

*Attorneys for Defendant/Counterclaim Plaintiff Holista Colltech Ltd.*

SO ORDERED.

**HON. KENNETH M. KARAS**
**United States Judge**

9/8/20

# EXHIBIT A
# AGREEMENT

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person except as set forth in Paragraphs 6 and 7 of the Stipulation and Protective Order. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

Attorney