UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE PROIMMUNE COMPANY, LLC,

                       C.A. No. 7:20-cv-01247 (KMK)

        Plaintiff,

- against -

                       **SECOND AMENDED**
                       **ANSWER WITH**
                       **COUNTERCLAIMS**

HOLISTA COLLTECH LTD. and DOES 1-50, inclusive,

        Defendants.
------------------------------------------------------------------x
HOLISTA COLLTECH LTD.,

        Counterclaim Plaintiff,

- against -

THE PROIMMUNE COMPANY, LLC,

        Counterclaim Defendant.
------------------------------------------------------------------x

Defendant Holista Colltech LTD. ("Defendants" and "Counterclaim Plaintiff"), by its attorneys Turturro Law, P.C., as and for its Second Amended Answer with Counterclaims to the Complaint of The Proimmune Company, LLC. ("Proimmune" or "Plaintiff" and "Counterclaim Defendant") herein, allege as follows:

## NATURE OF THE ACTION

1. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief of the allegations of

1

Paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 5 of the Complaint.

6. Deny the allegations of Paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 8 of the Complaint.

## PARTIES

9. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 9 of the Complaint.

10. Admit the allegations of Paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 13 of the Complaint.

## GENERAL ALLEGATIONS
### The Distribution Agreements

14. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 34 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

35. Deny knowledge or information sufficient to form a belief of the allegations of

Paragraph 35 of the Complaint.

36.  Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 36 of the Complaint.

37.  Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 37 of the Complaint.

38.  Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 38 of the Complaint.

39.  Deny knowledge or information sufficient to form a belief of the allegations of Paragraph 39 of the Complaint.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

40.  Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 40 of the Complaint.

41.  Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 41 of the Complaint.

42.   Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 42 of the Complaint.

43.  Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 43 of the Complaint.

44.  Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 44 of the Complaint.

**THIRD CAUSE OF ACTION**
**(Breach of Contract)**

45.  Deny knowledge or information sufficient to form a belief of the allegations

contained in Paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 46 of the Complaint.

47. Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 49 of the Complaint.

### FOURTH CAUSE OF ACTION
### (Breach of Contract)

50. Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief of the allegations contained in Paragraph 54 of the Complaint.

### STATEMENT OF AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they should not otherwise bear, Defendant asserts the following defenses that may be identified in the course of further

investigation, discovery, or litigation of this action.

### FIRST DEFENSE

Plaintiff fails to state any claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands, laches, and estoppel.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by their failure to mitigate any damages it may have suffered.

### FOURTH DEFENSE

Plaintiff's damages, to the extent they suffered any damages, are the result of its own conduct and/or the conduct of third parties over whom Defendant exercises no control.

### FIFTH DEFENSE

Plaintiff's claims are barred by the termination/expiration of the distribution agreements.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by their express and/or implied waiver in seeking to enforce the relevant Product monthly and/or yearly minimum provisions.

### SEVENTH DEFENSE

Plaintiff's claims are barred and/or not ripe for its failure to comply with conditions precedent.

### EIGHTH DEFENSE

Defendant's claims are excused from performance due to Plaintiff's material breach and/or anticipatory repudiation of the relevant agreements.

## COUNTERCLAIMS

As and for their counterclaims against Counterclaim Defendant, THE PROIMMUNE COMPANY, LLC, Counterclaim Plaintiff HOLISTA COLLTECH LTD. alleges the following:

### *BACKGROUND FACTS APPLICABLE TO ALL COUNTS*

    *i.      ProImmune and Holista Contracts*

1. As noted in its Complaint, ProImmune and Holista entered into several distribution agreements, including one dated March 16, 2015, another June 2, 2016, a third one on January 31, 2017, and a final one on September 1, 2018.

2. Moreover, as evidenced and exhibited by the parties' words, actions, written correspondence and course of conduct (implied and actual) over a five (5) year period, neither would enter into any contract extension/restatement, or new agreement, until the then existing or expired contract's terms and conditions were deemed fully satisfied or waived by ProImmune.

    *ii.     2018 Contract Between ProImmune and Holista*

3. As noted above, on or around September 1, 2018, the parties entered into the "2018 Contract" - the terms of which were substantially similar to the first three aforementioned Contracts.

4. Pursuant to the express terms of the 2018 Contract, and in reliance upon the Contractual Warranties and Certificate Warranties (each defined below), Holista paid approximately $300,000 to ProImmune (through the course of three separate payments) for delivery of approximately three (3) tons of conforming Product.

5. As per the express terms of the 2018 Contract (e.g., §§ 4.1, 8.2, and 8.3) the Product to be delivered to Holista' Pick-Up's address was to conform to the specifications set forth in the Contract (e.g., §1.1.16 and item 2 of Schedule 1), which ProImmune warranted

(§§9.1.1. (ii) and (iii), 9.1.2.) ("Contractual Warranties").

6. Moreover, each shipped batch of Product to Holista was separately accompanied by a Certificate of Analysis ("Certificate Warranties"), which additionally warranted that the Product within a shipped batch conformed to the exact specifications of ProImmune's Product's patent. As such, upon receipt of any shipment, Holista was led to believe that the Product delivered was conforming and, would not be required to further inspect it.

7. In further reliance on ProImmune's Contractual Warranties and Certificate Warranties (collectively referred to as the "Express Warranties") along with the parties' previous course of conduct, Holista was misled into believing the batches that were ultimately shipped[1] would be conforming; and, in reliance on these covenants, promises and Express Warranties, Holista re-shipped Product received from ProImmune "as is"[2] to its customers.

8. Thereafter, the (unknown, defective, and non-conforming) batches of Product that were shipped to Holista's customers were immediately tested for conformity with the Express Warranties[3]. Almost immediately after they received the Product from Holista (roughly 21-30 days from when Holista first received the batch shipments), one of Holista's customers notified Holista of Product defectiveness and formulaic inconsistency, which originated from ProImmune's Product manufacturing facility. Holista, in turn, immediately raised the issue with Dr. Crum and other personnel at ProImmune.

9. In fact, throughout 2019, Holista outlined numerous material breaches of the parties

---

[1] As noted herein, Holista did not receive full delivery of the paid for three (3) tons of Product.

[2] Holista did not alter, manipulate, or otherwise tinker with the Product received and reshipped.

[3] It should be noted that the Product is edible in its in raw, shipped form. As such, any defects in Product are not readily apparent to Holista, especially in light of the Certificate that accompanies each batch of Product shipped to it, which attests to the batch's compliance with the ProImmune Product patent specs.

2018 Contract (including delivery of non-conforming Product as well as failure to deliver Product) and Express Warranties through the course of a letter and multiple emails, which included copies of the test results showing the deficiency of the Product. The sum and substance of all this correspondence was inquiring about curing the status of the Product that was either delivered in breach of Express Warranties, or not delivered at all.

10. As to the defective Product delivered, a non-exhaustive list of the issues raised in this correspondence were the following: difference in texture, taste, color and amino acid content – each of which deviated from the 2018 Contract terms and were in breach of the Express Warranties. In fact, all of the foregoing was verified both by testing performed by Holista's customer and a separate independent analysis performed by an outside agent hired by Holista who each tested, unaltered Product and found it to be non-conforming; and, for transparency, the results of these findings were shared with ProImmune and its third-party manufacture, UST Pharma.

11. Furthermore, the email correspondence sent by Holista to ProImmune in late 2019 made clear to ProImmune that its failure to deliver conforming Product or explain the discrepancies in Product consistency (with that which Holista was promised and already paid for) would result in further damages to Holista – namely, lost profits and damaged reputation in the form of cancellation of purchases of Product by Holista's customers.

12. And when confronted with these material breaches and discrepancy in Product variation, neither ProImmune nor its manufacturer were prepared to explain or justify the quality discrepancy despite numerous attempts from Holista.

13. And this was in spite of Holista proactively endeavoring to work out a resolution to these breaches with ProImmune in the form of replacing Product, covering the differential in cost for

the Product as delivered versus Product that was supposed to be delivered, return of the approximate $300,000 expended to purchase Product, etc.

14. In fact, ProImmune continued to ignore all of Holista claims to cure and remedy the material breaches until December 2019 when Holista's external auditors sought to confirm with ProImmune as to how much Product inventory that Holista paid for that it was still owed (approximately $300,000). In response, ProImmune finally responded by denying the amount owing and countered with claims for breaching of previous years distribution agreements for the very first time.

15. To date, however, ProImmune has failed to cure any of their material breaches, and, in bad faith, now seeks damages in the instant action for breach of pre-2018 agreements for which performance was already deemed waived, satisfactory and/or compliant based on the parties words, actions, course of conduct and customary practices.

## COUNT I
(Breach of Contract)

16. Counterclaim Plaintiff repeats and realleges paragraphs 1-15 of the Counterclaims as if fully set forth herein

17. As previously averred, Counterclaim Plaintiff Holista entered into 2018 Contract with the Counterclaim Defendant ProImmune.

18. In connection with its obligations per the 2018 Contract, Counterclaim Plaintiff paid approximately $300,000 to the Counterclaim Defendant for the delivery of contract-conforming "Product".

19. Counterclaim Plaintiff complied with any and all applicable conditions precedent under the agreement that would require Counterclaim Defendant to deliver contract-conforming "Product" that was ordered and paid for.

20. Nevertheless, Counterclaim Defendant materially breached, *inter alia*, §§ 4.1, 8.2, and 8.3, 9.1.1. (ii) and (iii), and 9.1.2. of the agreement by outright failing to deliver the Product paid for by Holista and/or delivering objectively non-conforming, defective Product.

21. Despite repeat demand to do so, Counterclaim Defendant failed to cure any of the aforementioned breaches of the agreement by compensating the Counterclaim Plaintiff and/or replacing the Product.

22. As a result of the foregoing, Counterclaim Plaintiff suffered damages in an amount to be proven at trial, but estimated to be no less than $300,000.

**COUNT II**
(Breach of Express Warranties - N.Y. UCC § 2-313)

23. Counterclaim Plaintiff repeats and re-alleges allegations 1-22 of the counterclaims as if fully repeated and set forth at length herein.

24. As averred above, in connection with purchases of Product, Counterclaim Defendant issued, promised and conveyed Express Warranties to Counterclaim Plaintiff. The Express Warranties were an affirmation of fact or promise about the quality of the Product and, were a basis of the parties bargained for exchange.

25. In reliance on the Express Warranties concerning Product, Holista expended approximately $300,000 to purchase Product from ProImmune in 2019.

26. But for the Express Warranties, Holista would not have purchased Product.

27. At various timed during 2019, Holista complained to ProImmune that its delivery of Product of Product was objectively defective, non-conforming, and in breach of the Express Warranties.

28. Despite repeat demand, Counterclaim Defendant failed to cure any of the

aforementioned breaches of the Express Warranties by compensating the Counterclaim Plaintiff and/or replacing the Product.

29.  As a result of the foregoing, Counterclaim Plaintiff suffered actual damages and consequential damages to third party customers relying on the Product in an amount to be determined at trial.

**WHEREFORE**, the Counterclaim Plaintiff respectfully requests that the court issue a judgement as follows:

- Dismissing of all claims against the Defendant with prejudice;

- Awarding damages to Counterclaim Plaintiff on its first counterclaim against Counterclaim Defendant for breach of contract in an amount to be determined at trial, but estimated at no less than $300,000;

- Awarding actual and consequential damages to Counterclaim Plaintiff on its second counterclaim against Counterclaim Defendant for breach of Express Warranties in an amount to be determined at trial;

- Awarding Defendant/Counterclaim Plaintiff the costs, disbursements, and reasonable attorney's fees incurred to defend against this action; and

- that the court issue such relief as to it may seems just and proper.

Dated: Brooklyn, New York
       October 14, 2020

Yours, etc.

**TURTURRO LAW, P.C.**

By: /s/Natraj S. Bhushan
1602 McDonald Ave.
Brooklyn, NY 11230
Tel.: (718) 384-2323

*Attorneys for Defendant/*
*Counterclaim Plaintiff*

To (via ECF): Ryan Abbot, Esq. & Kete Barnes, Esq.
*Attorneys for Plaintiff*