Ryan B. Abbott (5053673)
 ryan@bnsklaw.com
Rowennakete P. Barnes (5528955)
 kete@bnsklaw.com
**BROWN NERI SMITH & KHAN, LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

*Attorneys for Plaintiff/Counterclaim-Defendant,*
The ProImmune Company, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PROIMMUNE COMPANY, LLC, a Delaware limited liability company;<br><br>   Plaintiff,<br>v.<br><br>HOLISTA COLLTECH LTD., an Australian corporation; and DOES 1-50, inclusive;<br><br>   Defendants. | Case No.: 7:20-cv-01247-KMK |

**PLAINTIFF/COUNTERCLAIM DEFENDANT THE PROIMMUNE COMPANY, LLC'S**

**ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/COUNTERCLAIM**

<u>**PLAINTIFF HOLISTA COLLTECH LTD.'S COUNTERCLAIMS**</u>

1

Plaintiff The ProImmune Company, LLC, ("Plaintiff" or "ProImmune"), by its attorneys, Brown Neri Smith & Khan, LLP, answers Defendant/Counterclaim Plaintiff Holista Colltech Ltd.'s ("Holista") Second Amended Answer with Counterclaims (the "Counterclaims"):

1. ProImmune admits that it entered into distribution agreements with Holista on March 16, 2015, June 2, 2016, January 31, 2017, and September 1, 2018.

2. ProImmune denies the allegations of paragraph 2 of the Counterclaims.

3. ProImmune admits that the parties entered into a contract on September 1, 2018. The remainder of allegations in paragraph 3 of the Counterclaims contain conclusions or characterizations to which no answer is required, and on that basis ProImmune denies those allegations.

4. ProImmune lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and on that basis denies them.

5. Paragraph 5 of the Counterclaims contains conclusions of law to which no answer is required. To the extent any answer is required, ProImmune denies the allegations.

6. ProImmune admits that each batch of Product shipped to Holista was separately accompanied by a Certificate of Analysis. The remainder of the allegations in paragraph 6 of the Counterclaims either contain conclusions of law, or ProImmune lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

7. ProImmune lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and on that basis denies them.

8. ProImmune lacks knowledge of information sufficient to form a belief about the truth of the allegations in paragraph 8, and on that basis denies them.

9. ProImmune admits that Holista sent correspondence regarding the 2018 Contract, but denies the remainder of the allegations of Paragraph 9 regarding Holista's actions. ProImmune lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 9, and on that basis denies them.

10. The first allegation of paragraph 10 is a conclusion or characterization to which no answer is required. To the extent an answer is required, ProImmune denies the allegation. ProImmune lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 10, and on that basis denies them.

11. Paragraph 11 of the Counterclaims contains conclusions or characterizations to which no answer is required. To the extent an answer is required, ProImmune denies the allegations.

12. ProImmune denies the allegations of paragraph 12.

13. ProImmune lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and on that basis denies them.

14. ProImmune denies the allegations of paragraph 14.

15. ProImmune denies the allegations of paragraph 15.

## COUNT I

**(Breach of Contract)**

16. ProImmune repeats and realleges its responses to paragraphs 1-15 as if set forth herein.

17. ProImmune admits that it entered into an agreement with Holista in 2018.

18. ProImmune denies the allegations of paragraph 18.

19. ProImmune denies the allegations of paragraph 19.

20. Paragraph 20 contains conclusions or characterizations to which no answer is required. To the extent an answer is required, ProImmune denies the allegations of paragraph 20.

21. ProImmune denies the allegations of paragraph 21.

22. Paragraph 22 contains conclusions or characterizations to which no answer is required. To the extent an answer is required, ProImmune denies the allegations of paragraph 22.

## COUNT II

### (Breach of Express Warranties – N.Y. UCC §2-313)

23. ProImmune repeats and realleges its responses to paragraphs 1-22 as if set forth herein.

24. Paragraph 24 contains conclusions or characterizations to which no answer is required. To the extent an answer is required, ProImmune denies the allegations of paragraph 24.

25. ProImmune lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and on that basis denies them.

26. ProImmune lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and on that basis denies them.

27. ProImmune admits that Holista made various complaints in 2019. ProImmune denies the remainder of the allegations in paragraph 27.

28. Paragraph 28 contains conclusions or characterizations to which no answer is required. To the extent an answer is required, ProImmune denies the allegations of paragraph 28.

29. Paragraph 29 contains conclusions or characterizations to which no answer is required. To the extent an answer is required, ProImmune denies the allegations of paragraph 29.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Holista fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Excuse/Failure to Perform)**

ProImmune is excused from performance based upon Holista's material breach and/or failure to perform, and/or failure to comply with a condition precedent.

### THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Holista's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

**(Laches)**

Holista's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

**(Causation)**

Holista's damages, if any, are the sole result of Holista's or a third-party's actions, and are not attributable to the actions of ProImmune.

### SIXTH AFFIRMATIVE DEFENSE

**(No Damages)**

Holista cannot establish damages as a result of ProImmune's actions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Holista's claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Holista's claims are barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

Holista's claims are barred or reduced by Holista's failure to take any and all reasonable and necessary actions to avoid or reduce damages, and any alleged damages must be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Performance)

Holista's claims are barred, in whole or in part, because ProImmune fully performed and satisfied its obligations under the contracts.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Condition Precedent)

Holista's claims are barred and/or not ripe for its failure to comply with conditions precedent.

## TWELFTH AFFIRMATIVE DEFENSE

### (Right to Raise Additional Defenses)

ProImmune alleges that Holista has failed to describe the causes of action with sufficient particularity so as to enable ProImmune to determine all of its legal, contractual, and equitable

rights. ProImmune reserves the right to amend and/or supplement the averments of its Answer and Affirmative Defenses, and raise and assert all pertinent defenses ascertained through investigation and discovery, and after additional facts and information become available.

## PRAYER FOR RELIEF

ProImmune prays for the following relief:

1. Dismissal of Holista's Counterclaims with prejudice;

2. Attorneys' fees and costs in this action, to the greatest extent permissible by law;

3. Any other relief as the Court may deem just and proper.

Dated: November 4, 2020                                       **BROWN NERI SMITH & KHAN, LLP**

By:   s/ Ryan Abbott
          Ryan Abbott

11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
(310) 593-9890

*Attorneys for Plaintiff/Counterclaim Defendant,* ProImmune