

# MEMO ENDORSED

June 8, 2021

*Via ECF*

Hon. Kenneth M. Karas, USDJ
300 Quarropas St., Chambers 533
White Plains, NY 10601-4150

    Re:   *The ProImmune Co., LLC v. Holista Colltech Ltd., et al.* [7:20-cv-1247 (KMK)] –
Pre-motion conference request & letter motion to seal re commercially-sensitive
information to be submitted in support of the parties' motions for summary
judgment

Your Honor:

Pursuant to Your Honor's individual practices and procedures, Plaintiff/Counterclaim Defendant the ProImmune Company, LLC ("ProImmune") submits this letter motion in lieu of a request for a pre-motion conference regarding ProImmune's desire to file evidence submitted in support of the parties' motions for summary judgment under seal. ProImmune sets forth its position and law in support below as to its request to file evidence under seal (through redactions). ProImmune believes that a pre-motion conference is not necessary in this instance, but has no intention to disregard Your Honor's practices and procedures. Defendant/Cross-complainant Holista Colltech Ltd. is not opposing ProImmune's request and the parties have exchanged evidence in order to propose redactions of commercially sensitive information in advance of submitting their motions for summary judgment.

As indicated in ProImmune's June 4, 2021 letter, this matter involves four distribution agreements entered into between the parties. Those distribution agreements included specific timelines for the rejection of product, minimum purchase quantities for product, and pricing for the product, among other provisions. Those facts if disclosed to the public, would harm ProImmune's competitive standing and future negotiating power, in providing private business

11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025
tel. (310) 593-9890  fax (310) 593-9980

701 Palomar Airport Rd., Suite 300, Carlsbad, California 92011
tel. (619) 326-0611  fax (310) 593-9980

BNSKLAW.COM

BROWN, NERI, SMITH & KHAN LLP

June 8, 2021
Page 2

information to the public. Third-parties that ProImmune may deal with in the future, whether purchasers or manufacturers, could reference the evidence to be used as part of the negotiation, when ProImmune would otherwise be able to conduct future business without past influence. ProImmune's proposed redaction of evidence would only pertain to specific timelines or days listed for obligations, volume of orders required or made, and purchase price and profits made.

ProImmune's proposed redactions are in the narrowest sense to protect sensitive business information. "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essentially to preserve higher values and is narrowly tailored to serve that interest." *Lugosuch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York times Co.*, 828 F.2d 110, 113 (2d Cir. 1987)). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Securities Litigation*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598. Documents that contain "proprietary, competitively sensitive business information, or are related to internal procedures, the disclosure of which would put [a party] at a competitive disadvantage," is a "type of harm… 'comparable to other harms that courts have recognized as potentially sufficient to defeat the presumption in favor of disclosure." *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, 14-CV-09764, 2018 WL 739580, at *19 (S.D.N.Y., Jan. 10, 2018).

ProImmune does not seek to submit entire documents under seal or fully-redacted. The information would merely be that of specifically negotiated numbers relating to obligations in the parties' contract (rejection deadlines, purchase amounts, purchase prices, and profits made.

BROWN, NERI, SMITH & KHAN LLP

June 8, 2021
Page 3

That information was communicated not only in the contracts, but as well as in email communications between the parties, deposition transcripts, and discovery responses. ProImmune proposes that both parties redact the specific information in the evidence submitted, as well as the briefing for their respective summary judgment motions, supporting declarations, and Local Rule 56.1 separate statements.

ProImmune is concurrently filing under seal the exhibits it intends to submit in support of its motion for summary judgment, with the proposed redactions highlighted. The parties have exchanged their evidence only yesterday, so ProImmune has not yet been able to mark Holsita's proposed exhibits and submit them here for the Court to review. Any redactions in those exhibits would be of the same information ProImmune proposes for its exhibits.

While Holista does not oppose ProImmune's request to redact said information, and while neither party believes a pre-motion conference or fully briefed motion is necessary, the parties are always willing to attend a pre-motion conference if the Court prefers. ProImmune is willing to provide a motion and supporting declaration if the Court also prefers.

Given that the parties' deadline to file their motions for summary judgment is Monday, June 14, 2021, the parties respectfully request the Court address ProImmune's request as soon as would be possible with joint leave being sought to extend the present filing deadline to the later of one (1) business day after the Court decides this motion, or June 14, 2021. Holista does not intend on filing a response to ProImmune's letter.

ProImmune may be publicly file redacted versions of their summary judgment submissions and may file a non-redacted version of the same under seal.

Sincerely,

Ryan B. Abbott
of BROWN, NERI, SMITH & KHAN LLP

6/9/21