Ryan B. Abbott (5053673)
 ryan@bnsklaw.com
Rowennakete P. Barnes (5528955)
 kete@bnsklaw.com
**BROWN NERI SMITH & KHAN, LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

*Attorneys for Plaintiff/Counterclaim-Defendant,*
The ProImmune Company, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PROIMMUNE COMPANY, LLC, a Delaware limited liability company;<br><br>　　　　Plaintiff,<br><br>v.<br><br>HOLISTA COLLTECH LTD., an Australian corporation; and DOES 1-50, inclusive;<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 7:20-cv-01247-KMK |

# DECLARATION OF KETE P. BARNES IN SUPPORT OF

# PLAINTIFF/COUNTERCLAIM-DEFENDANT THE PROIMMUNE COMPANY, LLC'S

# <u>MOTION FOR ATTORNEYS' FEES AND PREJUDGMENT INTEREST</u>

1

I, Kete Barnes, declare:

1. I am an attorney at law, licensed to practice in the United States District Court for the Southern District of New York. I am counsel of record for Plaintiff/Counter-Defendant The ProImmune Company, LLC. I make this declaration in support of ProImmune's Motion for Attorneys' Fees. I have personal knowledge of the facts set forth below, and if called to testify, I could and would competently testify to them.

2. I have worked on this proceeding from the initial drafting of the complaint. I was primarily responsible for the day-to-day management of the case, with my colleague and BNSK partner Ryan Abbott, assisting primarily in review, feedback, and additional perspective. I prepared all pleadings, discovery, and motion practice. Mr. Abbott conducted the depositions of Defendant/Counter-Plaintiff Holista's CEO, Dr. Rajen Manicka, which I prepared for and attended as well. Mr. Abbott also conducted the defense of ProImmune's CEO, Dr. Albert Crum, as well as third party witness and former ProImmune accountant, Nicholas Nash. I did not attend those depositions.

3. I have reviewed the billing statements from our firm and all of the work completed in this proceeding. Attached as **Exhibit 1** are a true and correct copy of our billing statements. ProImmune is only seeking attorneys' fees for work that was either exclusively attributable to the first and fourth agreements that it had with Holista, since those are the only agreements that provide for attorneys' fees. ProImmune includes in that request, work that was done regardless of the cause of action, for example, the preparation of the civil case cover sheet. The affirmative claims were done on a 40% contingent basis, so no fees were paid by ProImmune for this work. Fees not included in the request – for example fees incurred with respect to the appeal and fees incurred to draft this motion – are highlighted in green and excluded from the calculations below.

4. ProImmune is also apportioning and reducing its request for attorneys' fees, for work that was billed without differentiation as to the claim it was done for. This was not done purposefully. The hours were recorded as they were incurred, but there was not a practice of doing so with respect to each cause of action. Since only Contract No. 1 and No. 4, provide for

attorneys' fees, the apportionment would apply to hours billed that include work for both the first and fourth causes of action, as well as the second and third, which contracts did not have an attorneys' fees provision. Time entries recorded that did not differentiate between the work done as to each cause of action (referred to as "Mixed Hours") and which ProImmune proposes to be apportioned, are highlighted in yellow on the timesheets.

5. ProImmune also seeks its fees for the defense of its counterclaims. Holista brought its counterclaims under Contract No. 4, which provides for the recovery of attorney's fees. A true and correct copy of the billing statements for the defense of the counterclaims is attached as **Exhibit 2**. ProImmune was charged and paid a dramatically reduced hourly rate of $95 for the counterclaims, with the understanding that counsel's regular hourly rates were as described below.

6. ProImmune has incurred a total of 517.4 hours in this proceeding, which consists of the prosecution of its affirmative claims (including Mixed Hours and non-Mixed Hours), and defense of the counterclaims. The prosecution of the affirmative claims totaled 445.7 hours, which consists of 252.7 Mixed Hours, and 193.0 non-Mixed Hours. The defense of the counterclaims totaled 71.7 hours.

7. The prosecution and defense of ProImmune's claims was incredibly streamlined in my experience. ProImmune served a set of requests for production of documents around the same time that it sent out its initial disclosures. Holista in turn, served its initial disclosures, and shortly after a set of interrogatories, requests for admission, and requests for production of documents on ProImmune. Following the initial sets of discovery, ProImmune served a set of interrogatories on Holista, and Holista served a second set of requests for production of documents on ProImmune. ProImmune met and conferred with Holista regarding deficiencies in the responses to the interrogatories, and Holista agreed to and provided supplemental responses. ProImmune took the deposition of Holista's CEO, Dr. Rajen Manicka, which had to be done in two sessions, given Dr. Rajen's location in Malaysia and technical difficulties he experienced that were during the first examination. Holista also took the deposition of ProImmune's CEO, Dr. Albert Crum. ProImmune produced 6,749 documents, some of which were marked as

"Attorneys' Eyes Only" pursuant to the stipulated protective order entered into by the Parties. Holista produced 3,841 pages of documents. Holista also took the deposition of third-party Nicholas Nash, who is ProImmune's former accountant. Following this limited discovery, ProImmune filed its motion for summary judgment as well as its opposition to Holista's motion for partial summary judgment. No other discovery was completed, and ProImmune obtained full recovery on the three of four claims that it sought summary judgment for.

8. For the Mixed Hours, ProImmune believes that a maximum apportionment of 25% is reasonable. ProImmune recognizes that it is not entitled to fees incurred that do not involve its claims pursuant to Contracts Nos. 2 and 3. While not entitled to fees for those claims, the Mixed Hours work that ProImmune incurred is only a portion of non-covered work. With respect to the Mixed Hours only, aspects of preparation of that work – for example, preparing the shells for discovery – occurred regardless of the specific cause of action. Because of this required preliminary work, ProImmune believes that a maximum apportionment of 25% would be appropriate. ProImmune also recognizes that the decision to apportion fees is within the court's discretion.

9. BNSK partner Ryan Abbott is a 2011 graduate of Yale Law School and University of California San Diego School of Medicine, and a partner at BNSK since 2017. Before becoming a partner at BNSK, he was Of Counsel at BNSK since 2015, and before that he was Of Counsel at One LLP. He is licensed in both New York and California. He is an experienced litigator, having appeared as an advocate and lead counsel in numerous state and federal courts as well as in foreign courts and arbitration proceedings. He has also completed over 25 trials and arbitrations as either an advocate or as an arbitrator. His hourly rate in this matter was $895. In my experience, his rate is reasonable for attorneys of like skill practicing in the Southern District of New York. He incurred a total of 136.3 hours in this matter. Of those, 57.1 hours were not Mixed-Hours; the remaining 77.1 were Mixed Hours. The total of non-Mixed Hours also includes the 8.5 hours specifically to the defense of the Counterclaims.

10. I am counsel at BNSK and have worked at BNSK since graduating from Whittier Law School in 2014. I am licensed in both New York and California. Throughout the time

litigating this case, I was also an appellate justice for the St. Regis Mohawk Tribe Court of Appeals. Since graduating law school, I have gained significant experience in a wide variety of complex business litigation matters, in both state and federal trial and appellate courts throughout the United States. My hourly billing rate for this matter is $395. In my experience, my rate is reasonable for attorneys of like skill practicing in the Southern District of New York. I incurred a total of 386.2 hours in this matter. Of those, 207.6 hours were not Mixed Hours; the remaining 175.6 were Mixed Hours. The total of non-Mixed Hours also includes the 63.2 hours specifically for the defense of the Counterclaims.

11. Additionally, ProImmune also incurred hours from BNSK office assistant Emily McCanna and former BNSK paralegal Donna Brittenham. Ms. McCanna has been an office assistant with BNSK since she joined the firm in September 2019, and is highly efficient in her work. Ms. Brittenham joined BNSK in November 2019, after being a paralegal for other firms for approximately 30 years. While BNSK is entitled to recover these charges as well, BNSK did not contemporaneously record these hours and so is writing them off.

12. Accordingly, based on the hours incurred as described above, ProImmune request the following reasonable attorney's fees, set forth with the suggested maximum apportionment and with the requested multiplier:

| Attorney | Rate | Mixed Hours x Rate x Apportionment | Non-mixed Hours x rate | Total | With Multiplier[1] |
|---|---|---|---|---|---|
| Ryan Abbott | $895 | 77.1 x $895 x 0.75 = $51,753.38 | 57.1 x $895 = $51,104.50 | $102,857.88 | $128,572.34 |
| Kete Barnes | $395 | 175.6 x $395 x 0.75 = $52,021.50 | 207.6 x $395 = $82,002 | $134,023.50 | $167,529.38 |
|  |  |  | **TOTAL** | **$236,881.38** | **$296,101.72** |

---

[1] This number is the sum of the apportioned hour fees plus the non-mixed hour fees times the 1.25 multiplier.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 3, 2023, at Albany, New York.

                                        /s/ Kete Barnes
                                        Kete Barnes