Ryan B. Abbott (5053673)
 ryan@bnsklaw.com
Rowennakete P. Barnes (5528955)
 kete@bnsklaw.com
**BROWN NERI SMITH & KHAN, LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

*Attorneys for Plaintiff/Counterclaim-Defendant,*
The ProImmune Company, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PROIMMUNE COMPANY, LLC, a Delaware limited liability company;<br><br>    Plaintiff,<br>v.<br><br>HOLISTA COLLTECH LTD., an Australian corporation; and DOES 1-50, inclusive;<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 7:20-cv-01247-KMK |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT THE PROIMMUNE COMPANY, LLC'S**

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**

**ATTORNEYS' FEES**

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION/FACTS

The established basis for awarding attorney's fees in cases involving both claims that provide for attorneys' fees and claims that do not, rests on the determination of whether the issues in both types of claims are "inextricably intertwined." That analysis involves a review of the facts and legal theories involved in litigating the case. And in the situation where there exists a common core of facts or related legal theories, the Court can award an entire fee requested.

Plaintiff The ProImmune Company, LLC sued Defendant Holista Colltech Ltd. alleging four claims of breach of contract. Each contract claim was based on Holista's failure to meet minimum purchase requirements. Holista also counterclaimed breach under the Fourth Contract. It should be indisputable that ProImmune's claims involved the same legal theories. All contracts involved Holista's failure to make minimum purchase requirements. All contracts involved a defense by Holista on the grounds of waiver. But while the legal theories were identical, and the facts nearly identical, ProImmune acknowledges that certain facts were different per contract – for example, the minimum purchase amounts, the contact term dates, the actual purchases (however deficient) made under each contract, and others.

Those differences in facts, however, were a small part of the attorneys' fees incurred. ProImmune served only one set of interrogatories and two sets of requests for production. (Barnes Decl. [ECF 110], ¶ 7.) It only took the deposition of Holista's CEO Dr. Rajen Manicka (in two sessions due to technical difficulties experienced by Dr. Manicka). (*Id.*) Holista's responses to ProImmune's interrogatories provided sufficient information regarding the total purchases made by Holista. (Abbott Decl. [ECF 54], ¶ 4, Ex. C.) Following the response to the

interrogatories, Dr. Manicka's deposition provided all remaining information. (*Id*. [ECF 54], ¶¶ 2 and 3, Exs. A and B.)

As a breakdown of the hours, ProImmune incurred 235.6 hours that were pre-MSJ hours, and 213.2 (Barnes Decl. [ECF 110] ¶ 3, Ex A.] that were MSJ and post-MSJ briefing hours. A review of the motion for summary judgment demonstrates that issues involved with the Contract No. 4 were more extensive than those involved in Contracts Nos. 1 and 2. (*See generally* ProImmune MSJ [ECF 49]; Separate Statement in Support of MSJ [ECF 55].) Following the initial order on the competing motions for summary judgment, the Court requested further briefing on mitigation of damages and whether Contract No. 4's terms were on-going and continuing. (Opinion and Order [ECF 85] at pp. 30-33.) Thus, more issues and more attorney time were involved with Contract No. 4. Included in that breakdown is the fact that 190.3 hours of the 445.7 total were hours incurred regardless of the cause of action asserted (referred to as Non-Mixed Hours). (*See* Barnes Decl. [ECF 110], ¶¶ 3, 4, and 12, Ex. A.)

On April 3, 2023, ProImmune moved for attorneys' fees under Contracts Nos. 1 and 4. (ECF 108.) The Court granted ProImmune's motion with respect to Contract No. 4. (ECF 114.)

Based on the law regarding apportionment of attorneys' fees for covered claims and non-covered claims (or, as in other comparable situations, successful and non-successful fee shifting claims), ProImmune believes that a reduction of 40% of the Mixed-Hours is an appropriate reduction of ProImmune's fees incurred and recoverable. This considers the identical legal issues that faced each contract, the minor differences in fact between each contract and the purchases made, and the additional time in attorneys' hours that were incurred for issues under Contract No. 4.

Accordingly, ProImmune requests that the Court enter an award of $269,980.25 in attorneys' fees.

## II. ARGUMENT

### A. An Apportionment of Attorneys' Fees for Claims that Provide Them and Those That Do Not is Determined by Examining the Facts and Legal Theories at Issue

The facts and legal theories involved common issues for all contracts which justifies a smaller reduction or apportionment in the fees ProImmune requests. "[W]here 'the successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or [are] based on related legal theories,' it is not abuse of discretion for the court to award the entire fee.'" *U.S. ex rel. Feldman v. Van Gorp*, No. 03 CIV. 8135 WHP, 2011 WL 651829, at *4 (S.D.N.Y. Feb. 9, 2011) ("*Feldman*") (citing *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1183 (2d Cir. 1996). "It is clear that '[w]here ... claims are separable, and one or more are found to be without merit, then the district court should decline to award that portion of the requested fees which relate to the unsuccessful claim.' On the other hand, when a plaintiff's claims for relief 'involve a common core of facts or [are] based on related legal theories,' the 'lawsuit cannot be viewed as a series of discrete claims.' Rather, the district court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Dominic v. Consol. Edison Co. of New York*, 822 F.2d 1249, 1259 (2d Cir. 1987); *see also Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 106 (2d Cir. 2022). ProImmune recognizes that this analysis is typically done in situations involving the Fair Labor Standards Act (*Holick*), the False Claims Act (*Feldman*), or other statutory suits (*Reed* [Title VII]), but submits it should be equally applicable with respect to multiple claims under multiple contracts—as the analysis involves claims that either provide for attorneys' fees or do not.

4

While not directly on point here, the analysis is also the same in determining whether claims are covered under a narrower contractual attorneys' fees provision. *See FlatIron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, No. 1:17-CV-8987-GHW, 2022 WL 413229, at *12 (S.D.N.Y. Feb. 9, 2022). In *FlatIron*, the Court evaluated the application of an attorneys' fees provision to various claims in the case that were asserted by the various parties. The attorneys' fees provision in that case was limited to "a lawsuit against the other party for breach of such parties' obligations under this Agreement." (*Id*., at *8.) The *FlatIron* court recognized the principle that "the Court has discretion to award fees for fees expended for the defense of the claims that are 'inextricably intertwined' with those covered by the Purchase Agreement's fee-shifting provision," and that "it is not an abuse of discretion to award the entire fee," when inextricably intertwined claims "involve a common core of facts or are based on related legal theories." *Id*.

The Court in *FlatIron* ultimately awarded a portion of the fees requested because the only claim that substantially involved a breach of the purchase agreement at issue was dismissed early in the case. *Id*., at *14. The court did not limit those fees to the motion though, but rather awarded all fees and expenses from the commencement of the action to the date of dismissal of the claim, as "counsel would need to consider and evaluate all of the issues raised in the case, which ultimately relate to the Purchase Agreement, even if they do not arise out of it," "[f]or counsel to evaluate and respond to the claim being pursued against [the moving party] for breach of its obligation under the Purchase Agreement." *Id*. The court also awarded a 10% award for work done in discovery, as some would result to issues for breach of the purchase agreement, and time involved in preparing a motion for summary judgment with a declaratory relief cause of action that also implicated the breach claim. *Id*.

In making the determination, the *FlatIron* court also recognized that "[t]he resolution of an application for attorneys' fees 'should not result in a second major litigation.'" *Id.*, at *12, (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). A district court does "have discretion to set the attorneys' fees as they reasonably see fit," "may arrive at that conclusion through a detailed examination of the fee application," but "is not obligated to undertake a line-by-line review of an extensive fee application [and] may, instead, 'exercise its discretion and use a percentage deduction as a practical means of trimming the fat.'" *Id.* (citing *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020), *Marion S. Mishkin Law Office*, 767 F.3d 144, 150 (2d Cir. 2014), and *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). "The Court may achieve 'rough justice' by taking into account the documentation submitted, as well as its 'overall sense of the suit,' and then estimating the allocation of attorneys' time." *VR Optics, LLC v. Peloton Interactive, Inc.,* No. 16-CV-6392 (JPO), 2021 WL 1198930, at *3 (S.D.N.Y. Mar. 30, 2021), aff'd, No. 2021-1900, 2023 WL 2031213 (Fed. Cir. Feb. 16, 2023).

ProImmune proposes a 40% reduction of time that was Mixed Hours. Those hours involve claims under all four contracts. While a 40% reduction is not directly proportional to the number of claims, it considers the fact that all claims involved interpretation of similar minimum purchase requirements and the application of waiver to those contractual provisions. It also considers the fact that Contract No. 3 was not involved in ProImmune's MSJ, or any post-MSJ work. The discovery involved in the case was narrowly tailored and very small in volume. The related issues were resolved entirely on summary judgment. ProImmune has discounted its Mixed Hours to account for the fact that hours incurred for Contracts Nos. 1, 2, and 3 (with

6

lesser for 3 not being included in the MSJ), and believes that a 40% apportionment reduction is appropriate.

### B. The Non-Mixed Hours and Hours Incurred with Respect to the Counterclaim Need Not Be Apportioned

"Hours spent on legal work that furthers both fee-shifting and non-fee-shifting claims may be included in the lodestar calculation because they would have been expended even if the plaintiff had not included non-fee-shifting claims in his complaint." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 168. "[W]here a fee applicant recovers on a claim subject to a contractual attorney's fee provision and in the process litigates a counterclaim on which he must prevail in order to recover on his claim, then the fee applicant is entitled to his attorney's fees for both the claim and the counterclaim." *Diamond D Enterprises USA, Inc. v. Steinsvaag*, 979 F.2d 14, 18 (2d Cir. 1992) (citations omitted).

ProImmune's calculation of fees incurred regardless of which claim totaled 193.0 non-Mixed Hours. (Barnes Decl. [ECF 110], ¶ 6.) The defense of the counterclaims, which arose under Contract No. 4 (and thus is subject to attorneys' fees), totaled 71.7 hours. Accordingly, ProImmune submits the following table for its proposed and requested award of attorneys' fees:

| Attorney | Rate | Mixed Hours x Rate x Apportionment | Non-Mixed Hours x Rate | Total | With Multiplier[1] |
|---|---|---|---|---|---|
| Ryan Abbott | $895 | 77.1 x $895 x 0.60 = $41,402.70 | 57.1 x $895 = $51,104.50 | $92,507.20 | $115,634.00 |
| Kete Barnes | $395 | 175.6 x $395 x 0.60 = $41,475.00 | 207.6 x $395 = $82,002.00 | $123,477.00 | $154,346.25 |
|  |  |  |  | $215,984.20 | $269,980.25 |

---

[1] As requested in Plaintiff's Motion for Attorney's Fees based on the success achieved. (ECF 109, § III.D [p. 17].)

### III. CONCLUSION

Apportionment or reduction of attorneys' fees awards is appropriate for work done that was not inextricably intertwined with work done that is applicable to the attorneys' fees provision or statutory authority. ProImmune's claims all involved common factual and legal issues, but also involved certain factual distinctions that ProImmune recognizes.

While only one of the four contracts provides for the payment of attorneys' fees, that contract also involved the most work in this proceeding and involved the counterclaims. It is also important to note that Holista has not previously objected to counsel's hourly rate or the number of hours expanded, which were both highly reasonable and proportional to this case.

ProImmune has proposed a reasonable reduction to its request. It now respectfully requests the Court award it that amount.

Dated: July 19, 2023                             **BROWN NERI SMITH & KHAN, LLP**


                                                  By:   s/ Ryan Abbott
                                                        Ryan Abbott

                                                  11601 Wilshire Blvd., Ste. 2080
                                                  Los Angeles, CA 90025
                                                  (310) 593-9890

                                                  *Attorney for Plaintiff/Counterclaim Defendant,*
                                                  The ProImmune Company, LLC