UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PROIMMUNE COMPANY, LLC, *a Delaware limited liability company*,<br><br>       Plaintiff,<br><br>  v.<br><br>HOLISTA COLLTECH LTD., *an Australian corporation*, *and* DOES 1–50, *inclusive*,<br><br>       Defendants.<br><br>HOLISTA COLLTECH LTD., *an Australian corporation*, *and* DOES 1–50, *inclusive*,<br><br>       Counter Plaintiffs,<br><br>  v.<br><br>THE PROIMMUNE COMPANY, LLC, *a Delaware limited liability company*,<br><br>       Counter Defendant. | No. 20-CV-1247 (KMK)<br><br>ORDER |

Appearances:

Ryan B. Abbott, Esq.
Rowennakete P. Barnes, Esq.
Brown Neri Smith & Khan, LLP
Los Angeles, CA
*Counsel for Plaintiff/Counter Defendant*

Natraj Bhushan, Esq.
Turturro Law, P.C.
Staten Island, NY
*Counsel for Defendants/Counter Plaintiffs*

KENNETH M. KARAS, United States District Judge:

The ProImmune Company, LLC ("ProImmune") brings this Action against Holista Colltech Ltd. and Does 1–50 ("Holista") for Holista's alleged breach of four separate agreements to distribute a dietary supplement owned by ProImmune (the "Product"), entered into by the Parties between 2015 and 2018. (*See generally* Compl. (Dkt. No. 6).) On March 21, 2022, this Court granted ProImmune's Motion for Summary Judgment and denied Holista's Motion for Summary Judgment. (*See* Op. & Order ("First Summ. J. Op.") (Dkt. No. 85).) On January 30, 2023, the Court also granted ProImmune damages under the First Contract, Second Contract, and the initial period of the Fourth Contract. (*See* Op. & Order ("Sec. Summ. J. Op.") (Dkt. No. 96).) Before the Court is ProImmune's Motion for Attorneys' Fees and Prejudgment Interest. (*See* Not. of Mot. (Dkt. No. 108).) For the foregoing reasons, the Court finds that ProImmune is entitled to attorneys' fees under the Fourth Contract, and prejudgment interest under all Contracts.

I. Attorneys' Fees

New York follows the "American Rule" regarding attorneys' fees, *see A.G. Ship Maint. Corp. v. Lezak*, 503 N.E.2d 681, 683 (N.Y. 1986), pursuant to which "attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Summit Valley Indus., Inc. v. Local 112 United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982) (quotation marks omitted); *see also Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003) ("Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule."). "Under New York law, 'generally, attorney's fees are not recoverable as damages in an action for breach of contract . . . unless expressly agreed to by the parties.'" *McGraw-Hill Cos., Inc. v. Vanguard Index Trust*, 139 F.

2

Supp. 2d 544, 556 n.6 (S.D.N.Y. 2001) (quoting *Equitable Lumber Corp. v. IPA Land Dev. Corp.*, 38 N.Y.2d 516, 519 (1976)).  A "court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise."  *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 549 N.E.2d 903, 905 (1989).  Contractual attorney's fees provisions "must be strictly construed."  *Oscar Gruss & Son, Inc.*, 337 F.3d at 199.

Here, ProImmune argues that it is entitled to attorneys' fees under both the First and Fourth contracts at issue in the instant litigation.  (*See* Mem. of Law in Supp. of Mot. ("ProImmune Mem.") 10–13 (Dkt. No. 109).)  Under Contract No. 1, Holista agreed to:

> assume and discharge for its own account all cost and expenses necessary or incidental to the distribution of the Product (including but not limited to, packaging, advertising, taxes, licenses and permits) and shall indemnify PROIMMUNE against all costs, expenses, claims, promises, guarantees, debts, obligations and liabilities of any kind incurred, contractor for, or created by HOLISTA, which have not been specifically assumed in writing and in advance by PROIMMUNE[.]

(*Id*. at 6; *see also* Decl. of Albert Crum in Supp. of Mot. for Summ. J. Ex. A, at 14 (Dkt. No. 50.).)  Under Contract No. 4, the Parties agreed to the following indemnification provision:

> Upon the expiry of the Initial Period, provided that Holista has complied with all the terms and conditions hereof, and achieved the Minimum Annual Performance Requirements, the terms of this Agreement shall be reviewed by Holista and ProImmune and subsequently when all terms are mutually agreed, including agreement on increased Minimum Annual Performance Requirements pursuant to Clauses 3.3 and 3.4 and Product Price, this Agreement will be automatically renewed at the end of the Initial Term or any Renewal Term as the case may be, on the same terms and conditions as set forth herein, save and except the Minimum Annual Performance Requirements which shall be increased in accordance with the terms hereof, for a successive periods of one (1) year (in each case a "Renewal Term").  **Additionally, direct legal fees associated with any future modifications and/or compliance of this Agreement will be charged back to Holista for issues it initiates**.

(ProImmune Mem at 6; *see also* Decl. of Albert Crum in Supp. of Mot. for Summ. J. Ex. C, at 12 (Dkt. No. 52) (emphasis in original).)

As to the First Contract, ProImmune argues that Holista is required to pay attorneys' fees because it agreed to "indemnify PROIMMUNE against all costs, expenses, claims, promises, guarantees, debts, obligations and liabilities of any kind incurred, contracted for, or created by HOLISTA, which have not been specifically assumed in writing and in advance by PROIMMUNE." (ProImmune Mem. at 11.) However, as argued by Holista, it is clear that this is not the type of "unmistakably clear" contractual language giving rise to attorneys' fees under New York law. *See Hooper Assocs., Ltd.*, 74 N.Y.2d at 492. Simply put, courts will "not infer a party's intention to provide counsel fees as damages . . . unless the intention to do so is unmistakably clear from the language of the Contract." *SG Blocks, Inc. v. Osang Healthcare Co. Ltd.*, No. 21-CV-1990, 2022 WL 16787936, at *7 (E.D.N.Y. Sept. 22, 2022); *see also Pu v. Russell Publ'g Grp., Ltd.*, No. 15-CV-3936, 2017 WL 4402544, at *2 (S.D.N.Y. Sept. 30, 2017); *Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 13-CV-2107, 2014 WL 2510809, at *14 (S.D.N.Y. May 28, 2014) ("Because promises in a contract to indemnify the other party's attorney's fees and related costs run against the grain of the accepted policy that parties are responsible for their own attorneys' fees, courts applying New York law do not infer a party's intention to indemnify such costs unless the intention to do so is unmistakably clear from the language of the promise."); *Islip U-Slip LLC v. Gander Mountain Co.*, 2 F. Supp. 3d 296, 309 (N.D.N.Y. 2014) (stating that "a provision containing only broad language that does not unequivocally indicate that the parties intended to indemnify attorneys' fees will not support such a claim"). This provision plainly does not even mention attorneys' fees, let alone the Parties' obligations in potential litigation that may arise. The absence of such language

4

conclusively rebuts ProImmune's claim that the contractual provision stating that "Holista will indemnify ProImmune for liabilities caused by Holista," (*see* Pl's Reply Mem. of Law in Supp. of Mot. ("ProImmune Reply") 4 (Dkt. No. 112)), is clear enough to cover attorneys' fees.

However, with respect to the Fourth Contract, the Court agrees that ProImmune is entitled to attorneys' fees.  The provisions in the Fourth Contract contain the unmistakable clarity missing in the First Contract: a direct agreement that "direct legal fees associated with any future modifications and/or compliance of this Agreement will be charged back to Holista for issues it initiates." (ProImmune Mem. at 6; *see also* Crum Decl. Ex. C, at 12 (emphasis omitted).)  As outlined in this Court's previous opinions, the issues before the Court are issues that Holista initiated by "fail[ing] to meet its Minimum Annual Performance Requirements per the terms of the Fourth Contract."  (*See* First Summ J. Op. 26–28; Sec. Summ. J. Op. 8.)  As such, attorneys' fees as they relate to the Fourth Contract squarely represent "direct legal fees associated with . . . compliance" with the Fourth Contract.  (ProImmune Mem. at 6.)  Holista argues in opposition that these legal fees are only associated with "contract modifications regarding contract extensions/renewals" and not the Fourth Contract as a whole.  (Mem. in Opp. to Mot. ("Holista Mem.") 8 (Dkt. No. 111).)  However, this interpretation would "render [elements of the] contract provision[] meaningless or superfluous," because the provision specifically provides for legal fees associated with compliance with the contract.  *Giraffe G4 Sys., LLC. v. Measurement, Ltd.*, No. 17-CV-5334, 2018 WL 1801962, at *3 (S.D.N.Y. Apr. 13, 2018) (citing *Manley v. AmBase Corp.*, 337 F.3d 237, 250 (2d Cir. 2003)).

Accordingly, the Court finds that ProImmune is not entitled to attorneys' fees under the First Contract, but it is entitled to attorneys' fees under the Fourth Contract.  The Parties are directed to submit supplemental briefing regarding the calculation of reasonable attorneys' fees

where only one contract subject to litigation allows for reasonable fees, but at least one other contract also subject to litigation does not.

## II.  Prejudgment Interest

ProImmune also argues that it is entitled prejudgment interest on its claims for breach of contract.  (ProImmune Mem. at 18.)  Under New York law, prejudgment interest "shall be recovered upon a sum awarded because of a breach of performance of a contract."  N.Y. C.P.L.R. § 5001(a); *see also U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991) (stating that "a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right").  The statutory rate of prejudgment interest prescribed by New York law is nine percent.  N.Y. C.P.L.R. § 5004(a).

Both Parties appear to agree that ProImmune entitled to recover prejudgment interest based on the statutory grant in New York Law.  (*See* ProImmune Mem. at 18; Holista Mem. at 9.)  However, the Parties dispute from which date the prejudgment interest should be calculated. ProImmune argues that prejudgment interest should run starting at the end of the initial period of the First, Second, and Fourth contract, in accordance with this Court's determination of Holista's breach.  (Decl. of Kete P. Barnes in Supp. of Mot. ("Barnes Decl.") ¶¶ 2–9 (Dkt. Nos. 105-2, 106).)[1]  Holista argues that, since "ProImmune was awarded damages . . . based on contracts that were breached at various times, a reasonable intermediate date for prejudgment interest would be October 25, 2019," or the date that ProImmune's sent Holista a notice of noncompliance. (Holista Mem. 9; *see also* Decl. of Ryan Abbott in Supp. of Mot. for Summ. J., Ex. A ("Notice Ltr.") at 4–6 (Dkt. No. 78).)

---

[1] ProImmune filed both a redacted and unredacted calculation of prejudgment interest, but the cited docket numbers are otherwise identical.

6

Under New York law, prejudgment interest "shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred.  Where damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b); *see also CareandWear II, Inc. v. Nexcha L.L.C.*, 581 F. Supp. 3d 553, 558 (S.D.N.Y. 2022).  "While it may be within the Court's discretion to calculate prejudgment interest from a single intermediate date, [Holista] has offered no meaningful basis for doing so." *Jamil v. Solar Power Inc.*, 230 F. Supp. 3d 271, 277–78 (S.D.N.Y. 2017).  The Court previously found that Holista breached the First, Second, and Fourth Contracts by failing to meet the minimum requirements.  (First Summ J. Op. 21–28.)  Logically, the earliest ascertainable cause of action is from the breach itself, which would be the end of each contract when Holista failed to meet the minimum requirements.  "[S]ince the Court has no trouble calculating . . . the dates of the breach[es], the Court finds [Holista's] argument distinctly unpersuasive." *Jamil*, 230 F. Supp. 3d at 278.

As such, ProImmune is entitled to recover 9% prejudgment interest from each of the dates that Holista has failed to meet the minimum performance requirements under the First, Second, and Fourth Contracts.  Thus, ProImmune is awarded 9% interest as follows: (1) on the First Contract award of $▮▮▮▮▮▮ from March 16, 2016, (2) on the Second Contract award of $▮▮▮▮▮▮ from June 16, 2017, and (3) on the Fourth Contract award of $▮▮▮▮▮▮ from September 1, 2019.

III.  Conclusion

For the foregoing reasons, ProImmune's motion is granted in part and denied in part. The Clerk of the Court is respectfully requested to terminate the pending motion at Dkt. No. 108 and file this Order under seal, restricted to the Parties and the Court.[2]

The Parties are directed to submit additional briefing, to be no longer than 10 pages, on the question identified above by no later than two weeks after the date of this Order. There will be no responses to each Party's submission, and there will be no extensions to this briefing schedule.

SO ORDERED.

Dated:   July 5, 2023
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[2] This Opinion & Order has been filed under seal because it discusses information covered by a protective order. As such, the Parties are to submit joint proposed redactions to the Court by no later than one week after date of order.