UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

THE PROIMMUNE COMPANY, LLC, *a Delaware limited liability company*,

            Plaintiff,

v.

HOLISTA COLLTECH LTD., *an Australian corporation*, *and* DOES 1–50, *inclusive*,

            Defendants.

HOLISTA COLLTECH LTD., *an Australian corporation*, *and* DOES 1–50, *inclusive*,

            Counter Plaintiffs,

v.

THE PROIMMUNE COMPANY, LLC, *a Delaware limited liability company*,

            Counter Defendant.

No. 20-CV-1247 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

On March 21, 2022, this Court granted the ProImmune Company, LLC's ("ProImmune") Motion for Summary Judgment and denied Holista Colltech Ltd.'s ("Holista") Motion for Summary Judgment. (*See* Op. & Order ("First Summ. J. Op.") (Dkt. No. 85).) On January 30, 2023, the Court also granted ProImmune damages under the First Contract, Second Contract, and the initial period of the Fourth Contract. (*See* Op. & Order ("Sec. Summ. J. Op.") (Dkt. No.

96).) On July 5, 2023, the Court found that ProImmune is entitled to attorneys' fees under the Fourth Contract, but requested supplemental briefing "regarding the calculation of reasonable attorneys' fees where only one contract subject to litigation allows for reasonable fees, but at least one other contract also subject to litigation does not." (*See* Order ("Attys' Fees Op.") 5–6 (Dkt. No. 114.) The Parties duly filed supplemental briefing on July 19, 2023. (*See* Pl's Supp. Mem. in Supp. of Mot. ("ProImmune Mem.") (Dkt. No. 117); Def's Mem. in Opp of Mot. ("Holista Mem.") (Dkt. No. 118).)

As part of ProImmune's original motion for attorneys' fees, ProImmune filed a declaration reviewing the billing statements of its firm and proposing a calculation for attorneys' fees. (*See* Decl. of Kete P. Barnes in Supp. of Mot. ("Barnes Decl.") (Dkt. No. 110).) In the declaration, Mr. Barnes declared that "ProImmune is only seeking attorneys' fees for work that was . . . exclusively attributable to the first and fourth agreements that it had with Holista, since those are the only agreements that provide for attorneys' fees." (*Id*. ¶ 3.) In addition, "ProImmune includes in that request, work that was done regardless of the cause of action, for example, the preparation of the civil case cover sheet." (*Id*. ¶ 3.) On August 16, 2023, the Court confirmed by phone with Mr. Barnes that these entries are the non-highlighted entries in Exhibit 1. (*See* Barnes Decl. Ex. 1 (Dkt. No. 110-1).) Moreover, ProImmune requests "Mixed Hours" at a reduced rate, which are "[t]ime entries [highlighted in yellow] recorded that did not differentiate between the work done as to each cause of action[.]" (Barnes Decl. ¶ 4; *see also id.* Ex. 1.)

As the Court has determined that ProImmune is not entitled to attorneys' fees under the First Contract, (*see* Attys' Fees Op.), ProImmune is directed to file a supplemental declaration indicating the following information:

1) Given that ProImmune has represented that it has identified "work that was . . . exclusively attributable to the first and fourth agreements," (*see* Barnes Decl. ¶ 3), ProImmune is to provide an accounting of which entries are specifically attributable to the Fourth Contract.

2) ProImmune is to provide an explanation for its methodology determining "mixed hours" as opposed to work attributable to certain contracts. For example, there are certain entries regarding revisions of summary judgment briefing that could be attributable to *all* contracts at issue in that Opinion. (*See, e.g.* Barnes Decl. Ex. 1 at 4 (drafting and revising supplemental briefing in the spring of 2022).)

3) To the extent that revisions are made, ProImmune is to provide a revised calculation of the attorneys' fees requested.

ProImmune is directed to file this supplemental memorandum by no later than August 31, 2023. Holista is to respond to ProImmune's supplemental filing, if necessary, by no later than September 14, 2023.

SO ORDERED.

DATED:   August 16, 2023
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE